```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
Kelly Hallissey, et al.,            :
                                    :
               Plaintiffs,          :
                                    :
       -against-                    :   99-CIV-3785 (KTD)
                                    :   MEMORANDUM AND ORDER
America Online, Inc., et al.,       :
                                    :
               Defendants.          :
------------------------------------X
```

KEVIN THOMAS DUFFY, U.S.D.J.:

The plaintiffs in this case ("Plaintiffs") move to amend their complaint for a second time to add numerous named plaintiffs and wage claims arising under the laws of several different states, dismiss related proceedings transferred to this Court from district courts in New Jersey and Ohio, and add them to this case. Defendants America Online, Inc. and America Online Communities, Inc. ("Defendants" or "AOL") argue that I should deny Plaintiffs' motion either because it would be futile or because Plaintiffs have unreasonably delayed in seeking leave to amend their complaint, and AOL would suffer undue prejudice if I were to nonetheless grant Plaintiffs' motion. For the reasons set forth below, Plaintiffs' motion is DENIED.

A) Background

Plaintiffs filed their original complaint in this action on May 24, 1999, alleging violations of the Fair Labor Standards Act ("FLSA"), the New York State Minimum Wage Act, and the New York

1

Labor Law Article 19. On July 23, 1999, Plaintiffs amended their complaint of right and added twelve named plaintiffs hailing from ten different states[1] but no new state law claims. AOL filed its answer on August 9, 1999. On March 20, 2000, the parties entered into a series of joint stipulations (the "March 20 Stipulations") that facilitated discovery and briefing preceding Defendants' motion to dismiss for lack of subject matter jurisdiction under FLSA. Following extensive discovery, Defendants filed their motion to dismiss in December 2000, which I denied on March 10, 2006.

Between 2001 and 2002, Plaintiffs' counsel filed several suits against Defendants in California, New Jersey, and Ohio state courts alleging FLSA and state wage and hour law violations. The New Jersey and Ohio cases were removed to federal court in 2002 and transferred to the Southern District of New York by the Judicial Panel on Multidistrict Litigation that same year. The plaintiffs in the California cases, who alleged only state law violations, were denied statewide class certification in 2003, and the cases subsequently settled.

On February 19, 2008, I granted Plaintiffs' motion to conditionally certify a nationwide collective action under FLSA

---

[1] Plaintiffs' amended complaint alleges that the named plaintiffs were residents of New York, Texas, Wisconsin, West Virginia, Pennsylvania, Oklahoma, Minnesota, Kentucky, Nevada, and California.

pursuant to 29 U.S.C. § 216(b)[2] and to issue notice of pendency of the FLSA action to the putative class members. Notice was issued twice, and at the close of the opt-in period, February 27, 2009, approximately 2,508 of 45,891 potential class members had filed consent forms.

On May 18, 2009, Plaintiffs filed the current motion seeking leave to file a second amended complaint, dismiss the related New Jersey and Ohio actions, and add them substantively to this case.

B) Legal Standard

Under the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). But, "motions to amend generally should be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). And although

> [d]elay in seeking leave to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend . . .[,] the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading

---

[2] While a Rule 23 class certification would bind all persons with the same claims made by the named plaintiffs unless they opt out of the lawsuit, a FLSA collective action prohibits anyone from joining the lawsuit as a plaintiff unless they opt in by filing a written consent with the court. See 29 U.S.C. § 216(b).

>was filed, particularly when the movant offers no excuse for the delay . . . ."

Frenkel v. New York City Off-Track Betting Corp., 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) (internal quotation marks and citations omitted).

In any event, "[p]rejudice to the opposing party if the motion is granted has been described as the most important reason for denying a motion to amend." Id. (citations omitted). To determine whether an amendment, if allowed, would cause "undue prejudice" to the opposing party, courts of this circuit consider a host of factors, including "whether the assertion of the new claim[s] would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Both unreasonable delay and undue prejudice to Defendants shape my decision to deny Plaintiffs' present motion.

C) Analysis

In their memorandum, Defendants first contend that I should deny Plaintiffs' motion to amend because the amendment would be futile, as they claim the bulk of the claims Plaintiffs seek to add would be barred either by the applicable statutes of limitations or by the doctrine of collateral estoppel. Plaintiffs argue that the majority of the claims would not be barred, as they would relate back to the filing of the original complaint under

4

Federal Rule of Civil Procedure 15(c) or to May 1, 2000, pursuant to the March 20 Stipulations. Because I deny Plaintiffs' motion on other grounds, I decline to address the parties' arguments on futility. I also decline the parties' invitation to address their dueling allegations of bad faith.

While leave to amend should be granted "freely . . . when justice so requires," Fed. R. Civ. P. 15(a), I have discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties . . . or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." <u>Grace v. Rosenstock</u>, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal quotation marks and citations omitted).

Like the plaintiffs in <u>Grace</u>, <u>see</u> <u>id.</u> at 51, for about a decade, Plaintiffs in the case at bar did not seek to amend their complaint to add these numerous proposed plaintiffs and state law claims to their case against Defendants. Plaintiffs argue that it would have been inefficient for them to seek to add these claims before the class had been conditionally certified and the opt-in period had ended because they would not have known which named plaintiffs or state claims to add. However, that argument is not persuasive when, in July 1999, Plaintiffs did add twelve named plaintiffs hailing from eight different states to their case but

5

chose not to add those plaintiffs' corresponding state law claims. Thus, although Plaintiffs contend that Defendants and the Court are responsible for delaying the proceedings, it was Plaintiffs who elected not to include any new state law claims in their 1999 amended complaint, which would have effectively put Defendants on notice much earlier of Plaintiffs' intent to expand the scope of the case.

Plaintiffs' failure to include the additional state law claims in their 1999 amended complaint also contributes to the undue prejudice that Defendants would suffer if I were to grant Plaintiffs' motion at this late date. Plaintiffs argue that Defendants knew that state law liability was always a possibility. But by opting not to include any additional state law claims, other than the violations of New York law alleged in their original complaint, in their amended complaint, Plaintiffs led Defendants to rely on the scope of the lawsuit, discovery, and potential liability as it stood in July 1999.

And, while Plaintiffs argue that because the new state law claims are based on the same facts as the FLSA and New York state law claims, any additional discovery required would not be burdensome and would not delay the progress of the proceedings, I am not convinced. Surely, adding numerous named plaintiffs with claims under a myriad of state laws—each of which would have to be

6

parsed, analyzed, and likely litigated—would require significant additional resources and introduce many new issues for discovery.

Also, as Plaintiffs propose to try the additional state law claims as Rule 23 class actions, the parties would certainly expend considerable additional resources briefing and arguing class certification, as well as the issue that Defendants allude to—whether the newly added state claims would overwhelm the FLSA claims and render the conditionally certified class uncertifiable. Thus, Defendants and the Court would suffer undue prejudice in the form of both significant expenditure of additional resources and further delay, see Block, 988 F.2d at 350, should I grant Plaintiffs leave to amend their complaint for a second time.

D) Conclusion

Consequently, due to the substantial delay between Plaintiffs' filing their amended complaint and filing this motion, in addition to the undue prejudice that Defendants would suffer if leave were granted, Plaintiffs' Rule 15(a) motion is hereby DENIED.  Accordingly, Plaintiffs' motion to dismiss the related New Jersey and Ohio proceedings is DENIED as moot.

SO ORDERED.

Dated: New York, N.Y.
July 15, 2009

KEVIN THOMAS DUFFY
UNITED STATES DISTRICT JUDGE

7