IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY HALLISSEY, et al., ) | CLASS ACTION |
| ) | |
| Plaintiffs, ) | Case No. 99-CV-03785 (KTD) |
| ) | |
| vs. ) | |
| ) | |
| AMERICA ONLINE, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| BRIAN A. WILLIAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 01-CV-04927 (KTD) |
| ) | |
| vs. ) | |
| ) | |
| AMERICA ONLINE, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PAMELA JOHNSON, et al., ) | CLASS ACTION |
| ) | |
| Plaintiffs, ) | Case No. 02-CV-03006 (KTD) |
| ) | |
| vs. ) | |
| ) | |
| AMERICA ONLINE, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| DONALD LOWE, et al., ) | CLASS ACTION |
| ) | |
| Plaintiffs, ) | Case No. 02-CV-03067 (KTD) |
| ) | |
| vs. ) | |
| ) | |
| AMERICA ONLINE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

|  |  |  |
|---|---|---|
| **KELLY HALLISSEY, et al.,** | ) | **CLASS ACTION** |
|  | ) |  |
| **Plaintiffs,** | ) | **Case No. 02-CV-00423 (KTD)** |
|  | ) |  |
| **vs.** | ) |  |
|  | ) |  |
| **AOL TIME WARNER, INC., AMERICA** | ) |  |
| **ONLINE, INC., AOL COMMUNITIES,** | ) |  |
| **INC., AOL TIME WARNER** | ) |  |
| **ADMINISTRATIVE COMMITTEE, &** | ) |  |
| **AOL ADMINISTRATIVE COMMITTEE** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

## ~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY
## APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

Whereas the parties to these lawsuits *Kelly Hallissey, et al. v. America Online, Inc., et al.,* Case No. 99-CV-03785 (KTD) (S.D.N.Y.), *Pamela Johnson, et al. v. America Online, Inc., et al.,* Case No. 02-CV-03006 (KTD) (S.D.N.Y.), *Donald Lowe, et al. v. America Online, Inc., et al.,* Case No. 02-CV-03067 (KTD) (S.D.N.Y.), *Williams, et al. v. America Online Inc., et al.,* Case No. 01-04927 (KTD) (S.D.N.Y.), *Kelly Hallissey, et al. v. AOL Time Warner, Inc., America Online, Inc., & AOL Community, Inc.,* Case No. 02-CV-00423 (KTD) (S.D.N.Y.) have agreed to settle all claims arising out of these actions;

Whereas the parties submitted a Stipulation of Settlement for approval by this Court on December 21, 2009, prior to a preliminary approval hearing on January 6, 2010; and

Whereas the Court on January 8, 2010 requested that the parties amend Sections 11.G.3, 11.I and 14.C.2 of the Stipulation of Settlement to clarify that the Court shall have final approval over any disbursement of unclaimed funds by the parties to charity; and

Whereas pursuant to Section 18.G of the Stipulation of Settlement, the Settling Parties have modified Sections 11.G.3, 11.I and 14.C.2 in the Amended Settlement Agreement to provide for Court approval of the charitable contributions described therein; and

Whereas based upon an examination of the Stipulation of Settlement and Amended Stipulation of Settlement (together "Amended Settlement") between Plaintiffs and AOL Inc. ("AOL" or "Defendant"), and its current or former parents, subsidiaries, affiliates, predecessors, sister companies, insurers, agents, employees, successors, assigns, officers, officials, directors, and shareholders (collectively, the "Parties"), and upon an examination of the Joint Application for Preliminary Approval of Amended Settlement and Notice to Class ("Joint Application") and all supporting papers submitted by the Parties, and finding good cause;

**IT IS HEREBY ORDERED:**

1.      The Court preliminarily approves the proposed Amended Settlement, together with all of its Exhibits, filed with the Court on January 25, 2010, as being fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval, such that the terms and conditions shall be considered by the putative members of the Rule 23 Class.

2.      The Court directs that, pursuant to Rule 23(e), a hearing be scheduled for [MAY 2], 2010 ("Final Approval Hearing") at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, 10007-1312 to assist the Court in determining whether certification is appropriate and whether the proposed Amended Settlement is fair, reasonable and adequate. Not later than twenty-one (21) days before the Final Approval Hearing as set by the Court in accordance with 28 U.S.C. § 1715(d), Class Counsel shall file a motion for award of attorneys'

fees not to exceed $5,000,000.00, plus reasonable costs and expenses. Defendant will not oppose such motion for award of attorneys' fees and costs and expenses.

3.      Objectors to the proposed Amended Settlement may be heard at the Final Approval Hearing; however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless the objection is filed no less than thirty (30) days prior to the date of the Final Approval Hearing.  All objections must state with particularity the basis therefore.  Further, if any objector intends to appear at the Final Approval Hearing, either in person or through counsel, he or she will include notice of that fact and state the purpose for his or her appearance in his or her objection.

4.      Not later than seven (7) days before the Final Approval Hearing, the Settling Parties may file reply memoranda in support of the final approval of the Amended Settlement if any Rule 23 Class Member has objected to, or otherwise commented on, the Amended Settlement.

5.      Pending final approval of the proposed Amended Settlement, no member of the Rule 23 Class, either individually, derivatively, in a representative capacity, or in any other capacity, shall commence any action, or proceed with any pending action, in any court tribunal against any of the Released Parties, as that term is defined in the proposed Amended Settlement, asserting any of the claims waived or released under the terms of the proposed Amended Settlement.

6.      In the event the proposed Amended Settlement terminates pursuant to its terms for any reason, including but not limited to the Parties' failure to obtain final approval of the proposed Amended Settlement, the conditional certification of the Class provided pursuant to this Order shall be vacated automatically, the Class Representatives shall cease to function as representatives of the Rule 23 Class, and this action shall revert to its status immediately prior to the execution of the proposed Amended Settlement.  All other orders and findings entered in

3

connection with the Joint Application shall become null and void and have no force and effect whatsoever.

ORDERED this _____ day of _____, 2010.

_____
The Honorable Kevin T. Duffy

4