IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY HALLISSEY, et al., | ) CLASS ACTION |
| Plaintiffs, | ) Case No. 99-CV-03785 (KTD) |
| vs. | ) |
| AMERICA ONLINE, INC., et al., | ) |
| Defendants. | ) |
| BRIAN A. WILLIAMS, et al., | ) |
| Plaintiffs, | ) Case No. 01-CV-04927 (KTD) |
| vs. | ) |
| AMERICA ONLINE, INC., et al., | ) |
| Defendants. | ) |
| PAMELA JOHNSON, et al., | ) CLASS ACTION |
| Plaintiffs, | ) Case No. 02-CV-03006 (KTD) |
| vs. | ) |
| AMERICA ONLINE, INC., et al., | ) |
| Defendants. | ) |
| DONALD LOWE, et al., | ) CLASS ACTION |
| Plaintiffs, | ) Case No. 02-CV-03067 (KTD) |
| vs. | ) |
| AMERICA ONLINE, INC., et al., | ) |
| Defendants. | ) |

| | |
|---|---|
| KELLY HALLISSEY, et al., | ) CLASS ACTION |
| Plaintiffs, | ) Case No. 02-CV-00423 (KTD) |
| vs. | ) |
| AOL TIME WARNER, INC., AMERICA ONLINE, INC., AOL COMMUNITIES, INC., AOL TIME WARNER ADMINISTRATIVE COMMITTEE, & AOL ADMINISTRATIVE COMMITTEE | ) |
| Defendants. | ) |

### [Proposed]
### ORDER GRANTING FINAL APPROVAL OF
### CLASS ACTION SETTLEMENT AND JUDGMENT

**THIS CASE** coming on for hearing before the Honorable Kevin T. Duffy on May 20, 2010, in order for this Court to conduct a final fairness hearing to determine whether the proposed Stipulation of Settlement ("Settlement"), including the changes contained in the Amended Stipulation of Settlement, between the parties is fair, reasonable and adequate;

**AND THE COURT**, having read and considered the parties' Settlement and all papers attached thereto submitted by the parties, having reviewed and considered the Memorandum of Law in Support of Joint Application for Final Approval of Settlement of Class Action and the declarations submitted in support of the motion, the arguments of counsel presented to the Court, and all papers filed and proceedings held herein, and good cause appearing, now makes the following:

### FINDINGS OF FACT

1. In May 1999, plaintiffs filed suit under the FLSA and the New York State Minimum Wage Act in *Kelly Hallissey, et al. v. America Online, Inc., et al.*, Case No. 99-CV-03785 (KTD) (S.D.N.Y.), the lead case in this Litigation.

1

2.  Between July and October 2001, plaintiffs filed three additional actions in state courts in New Jersey, Ohio, and California asserting similar claims under state minimum wage laws. The New Jersey and Ohio suits also advanced FLSA claims. The California suit did not include any claims under the FLSA.

3.  The New Jersey and Ohio cases were transferred to the Southern District of New York, *Pamela Johnson, et al. v. America Online, Inc., et al.*, Case No. 02-CV-03006 (KTD) (S.D.N.Y.), and *Donald Lowe, et al. v. America Online, Inc., et al.*, Case No. 02-CV-03067 (KTD) (S.D.N.Y.). The California case, *Ann Johnson, et al. v. America Online, Inc., et al.*, No. CV 802465 (Cal. Sup. Ct.), was settled in 2006 after California courts denied class certification and affirmed the denial on appeal. The resolved California action is not a part of this Settlement.

4.  After several years of litigation, including extensive discovery, and as a result of intensive arms-length negotiations between the parties, including mediation sessions before a respected mediator, the parties have come to an agreement regarding a Settlement that provides substantial benefits to members of the Rule 23 Settlement Classes and the FLSA Opt-In Class (collectively, the "Settlement Classes"), in return for releasing and dismissing the claims at issue in this Litigation against defendants. The resulting Settlement was preliminarily approved by the Court on February 2, 2010.

5.  In the February 2, 2010 Order, this Court approved the mailing of notice to provide members of the Settlement Classes with notice of the proposed Settlement. The notice provided members of the Settlement Classes with an opportunity to exclude themselves from the Settlement and to file objections with the Court. The notice for Rule 23 Settlement Class members also provided them with an opportunity to file a claim. Members of the FLSA Opt-In Class did not need to file a claim to be eligible for payment under the Settlement.

6. The parties have filed with the Court a declaration from Caryn Donly, a Senior Project Administrator for Rust Consulting, Inc., the Qualified Settlement Administrator retained to administer the Settlement. The declaration affirms that the mailing of the Court-approved notice has been completed, as have subsequent follow-up activities pursuant to the Settlement.

7. The Court finds that notice was provided to the members of the Settlement Classes in accordance with the Settlement and the Court's Order granting preliminary approval. The Court finds and determines that the direct mail notice provided in this case was the best notice practicable. The Court further finds that the notice was accurate, objective, informative, and provided members of the Settlement Classes with all information necessary to make an informed decision regarding their participation in the Settlement and its fairness, satisfying the requirements for notice under applicable law.

8. Any persons who wished to be excluded from this action were provided an opportunity to exclude themselves from the Settlement under the terms of the notice. Four (4) individuals submitted valid and timely requests to exclude themselves from the Settlement Classes.

9. Members of the Settlement Classes are bound by (1) the Stipulation of Settlement, (2) the Amended Stipulation of Settlement, (3) the releases contained within the Stipulation of Settlement, and (4) the Final Order and Judgment. Members of the Settlement Classes do not have a further opportunity to exclude themselves from this Litigation.

10. Any persons who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by plaintiffs' counsel and the proposed enhancement payments to the Named Plaintiffs, were provided an opportunity to do so pursuant to the notice. No objections have been filed. Given the monetary amount for payment of claims provided by

this Settlement, and the notice procedure utilized, this Court finds the lack of any objections to be indicative of the fairness, reasonableness and adequacy of the Settlement. Accordingly, all members of the Settlement Classes are deemed to have waived any such objection by appeal, collateral attack, or otherwise.

11. On the basis of all of the issues in this Litigation, and the provisions of the Settlement, the Court is of the opinion that the Settlement resolves a bona fide dispute of the application of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and is a fair, reasonable and adequate compromise of the claims against the defendants in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure and FLSA Section 216(b). There are a number of factors which the Court has considered in affirming this Settlement as required under Second Circuit precedent, including:

    a. This Litigation represents a bona fide dispute with contested liability issues.

    b. This Settlement has the benefit of providing relief to members of the Settlement Classes, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this Litigation and among the parties to the individual actions comprising it. This Settlement provides the members of the Settlement Classes with a substantial monetary benefit.

    c. This Settlement is clearly a byproduct of hard-fought negotiation between the parties, and not a result of any collusion on the part of plaintiffs' counsel or counsel for defendants.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

12.     This Court has jurisdiction over the parties and the subject matter of this proceeding.

13.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Classes are certified for purposes of final settlement:

a) Named Plaintiffs in *Kelly Hallissey, et al. v. America Online, Inc., et al.*, Case No. 99-CV-03785 (KTD) (S.D.N.Y.) and all Community Leaders who were provided Notice pursuant to the District Court's February 19, 2008 Order at a New York state address, including FLSA Opt-In Class ("FLSA Class") members;

b) Named Plaintiffs in *Pamela Johnson, et al. v. America Online, Inc., et al.*, Case No. 02-CV-03006 (KTD) (S.D.N.Y.) and all Community Leaders who were provided Notice pursuant to the District Court's February 19, 2008 Order at a New Jersey state address, excluding FLSA Class members; and

c) Named Plaintiffs in *Donald Lowe, et al. v. America Online, Inc., et al.*, Case No. 02-CV-03067 (KTD) (S.D.N.Y.) and all Community Leaders who were provided Notice pursuant to the District Court's February 19, 2008 Order at an Ohio state address, excluding FLSA Class members.

14.     The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this Litigation. All the prerequisites for class certification under Rule 23 are present. The members of the Rule 23 Settlement Classes are ascertainable and too numerous to be joined. Questions of law and fact common to all members of the Rule 23 Settlement Classes predominate over individual issues and should be determined in one proceeding with respect to all of the members of the Rule 23 Settlement Classes. The class

representatives' claims are typical of those of the Rule 23 Settlement Classes. The class action mechanism is superior to alternative means for adjudicating and resolving this action.

16. The Court finds that final approval of the enhancement payments to Named Plaintiffs, as set forth in Section 11.D. of the Stipulation of Settlement, is warranted. The Court finds that these amounts are reasonable and equitable.

17. The Court finds that the request for payment of the incurred and anticipated costs of the Qualified Settlement Administrator, Rust Consulting, Inc., as set forth in the Declaration of Caryn Donly are reasonable and justified.

18. The Court finds that final approval of the Settlement resolves a bona fide dispute, consistent with the requirements of 29 U.S.C. § 216(b), and that all of the members of the FLSA Opt-In Class should be entitled to receive their monetary share of the Settlement pursuant to the terms of the Settlement.

19. The Court finds that final approval of the Settlement, which is fair, reasonable and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure, is warranted and that all of the members of the Rule 23 Settlement Classes should be entitled to receive their share of the settlement fund pursuant to the terms of the Settlement.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) and 54(d):**

1. The motion for Final Approval of the proposed Settlement is GRANTED.

2. The Named Plaintiffs are entitled to and are hereby awarded payments as set forth in Section 11.D. of the Stipulation of Settlement, such amounts to be paid by the Qualified Settlement Administrator to the Named Plaintiffs upon Final District Court Approval.

3. The costs and expenses incurred to date or hereafter incurred for finalization of the Settlement by the Qualified Settlement Administrator, estimated to be approximately $99,476.00, are granted for payment and the Qualified Settlement Administrator can disburse to itself from the Settlement amounts such payments, upon approval by defendants' counsel.

4. Upon Final District Court Approval, as set forth in the Settlement, the Qualified Settlement Administrator shall effectuate distribution of the settlement payments to the Settlement Class members in accordance with the terms of the Settlement.

5. All members of the Settlement Classes shall be bound by all determinations and judgments in the Action concerning the Settlement.

6. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Litigation or of any liability, fault, or wrongdoing of any kind.

7. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement.

8. This Litigation and all claims against the defendants are hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Litigation, all Parties, and members of the Settlement Classes, to interpret and enforce the terms, conditions and obligations of this Settlement.

**ORDERED** this _____ 20 _____ day of _____ May _____, 2010.

_____
The Honorable Kevin T. Duffy

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-25-10
```